UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENIGNO SANCHEZ,<br><br>            Plaintiff,<br><br>     v.<br><br>SAMAN SAMADINI, *et al.*,<br><br>            Defendants. | Case No. 1:25-cv-00084-EPG (PC)<br><br>ORDER ALLOWING PLAINTIFF TO PROCEED ON HIS EIGHTH AMENDMENT DELIBERATE INDIFFERENCE CLAIM AGAINST DEFENDANTS DR. SAMADINI AND DR. SINGH<br><br>(ECF No. 8) |

Plaintiff Benigno Sanchez is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on January 21, 2025. (ECF No. 1). Plaintiff sued three doctors, alleging that as a result of their deliberate indifference, he suffered pain and loss of function in his hand, and now requires additional surgeries to remedy. (*See generally* ECF No. 1). The Court screened that complaint that found that Plaintiff stated Eighth Amendment deliberate indifference to serious medical needs claim against Defendants Dr. Samadini and Dr. Singh. (ECF No. 6). However, the Court found that Plaintiff failed to state any claims against Dr. Lameer. (*Id.* at 2). Plaintiff then filed First Amended Complaint (ECF No. 8) on March 26, 2025, naming only Dr. Samadini and Dr. Singh as defendants. This amended complaint is now before the Court for screening.

For the reasons stated below, the Court finds that Plaintiff's Eighth Amendment deliberate indifference to serious medical needs claim against Defendants Dr. Samadini and Dr. Singh should proceed past screening.

1

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II. SUMMARY OF PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff names as defendants Dr. Saman Samadini, Medical Clinician at Kern Valley State Prison (KVSP), and Dr. I. Singh, Chief Medical Officer at KVSP. (ECF No. 1 at 2, 4).

Plaintiff brings a single claim for Eighth Amendment deliberate indifference to his serious medical needs (*id.* at 4–5), and in support of it, alleges as follows:

Defendants Dr. Samadini and Dr. I. Singh, CMO, along with entire medical staff at KVSP facility-A had three opportunities to give medal treatment to Plaintiff, yet every attempt

Plaintiff sought to receive adequate medical care and treatment was met with negative results in the form of deliberate indifference. Defendants' failure to act caused Plaintiff to experience constant excruciating pain with the inability to sleep. Plaintiff's injuries were progressing while the Defendants' indecisiveness prevented Plaintiff from receiving medical treatment. Ordering three separate sets of x-rays was merely a delaying tactic. Defendants showed inability to accurately diagnose and treat Plaintiff's injuries that were progressively getting worse. Defendants also failed to act upon all three x-rays and delayed a medical procedure that would have allowed Plaintiff to seek and see medical personnel specializing in the field of Plaintiff's injury.

After having x-ray the third time, a supervisor at CTC looked at Plaintiff's x-ray and asked Plaintiff how long this problem existed. The Supervisor proceeded to make Plaintiff a cast to protect Plaintiff's finger, while stating Plaintiff will be referred to an outside doctor.

The outside doctor, Dr. Lameer, notified Plaintiff that he waited too long due to Defendants waiting too long for outside referral. Defendants' neglect has caused plaintiff to experience a numbing sensation from forearm to elbow reaching the bicep and shoulder and finally the neck.

Plaintiff seeks monetary damages. (*Id.* at 6).

### III.   ANALYSIS OF PLAINTIFF'S COMPLAINT

#### A.  Section 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see*

*also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. County of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark County Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676–77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

### B. Deliberate Indifference to Serious Medical Needs in Violation of the Eighth Amendment

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). This requires

Plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) that "the defendant's response to the need was deliberately indifferent." *Id.* (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059–60 (9th Cir. 1992)) (citation and internal quotations marks omitted), *overruled on other grounds by WMX Technologies v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (*en banc*).

Deliberate indifference is established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett*, 439 F.3d at 1096 (citation omitted). Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is insufficient to establish an Eighth Amendment violation. *Farmer v. Brennan*, 511 U.S. 825, 836–37 & n.5 (1994) (citations omitted).

A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004). Additionally, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106. To establish a difference of opinion rising to the level of deliberate indifference, a "plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).

For purposes of screening, Plaintiff's complaint sufficiently alleges a claim for deliberate indifference to serious medical needs against Defendants Dr. Samadini and Dr. Singh. Plaintiff has alleged that Plaintiff had a serious medical need due to being in

constant excruciating pain that interfered with his ability to sleep, that defendants were aware of that medical need yet purposefully failed to authorize treatment to address that need, and that Plaintiff suffered harm from their purposeful delay in providing treatment.

### IV.  CONCLUSION AND ORDER

The Court has screened Plaintiff's complaint and finds that Plaintiff's Eighth Amendment claim against Defendants Dr. Samadini and Dr. Singh for deliberate indifference to his serious medical needs should proceed past screening.

As the Court has found that Plaintiff's only claim should proceed past the screening stage, the Court will, in due course, issue an order authorizing service of process on Defendants Dr. Samadini and Dr. Singh.

IT IS SO ORDERED.

Dated:  **June 25, 2025**            /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE