**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BENIGO SANCHEZ, | Case No. 1:25-cv-00084-JLT-EPG (PC) |
| Plaintiff, | **SCHEDULING ORDER** |
| v. | Exhaustion Motions:    **April 22, 2026** |
| SAMADINI, *et al.,* | Motions to Compel:    **August 22, 2026** |
| Defendants. | Non-expert Discovery:    **September 22, 2026** |
| | Dispositive Motions:    **October 22, 2026** |

This Court now sets a schedule for this action through the filing of dispositive motions.

## I.    DISCOVERY PROCEDURES

Discovery is now open, and the parties are granted leave to serve discovery requests. Pursuant to Federal Rules of Civil Procedure 1, 16, and 26–36, discovery shall proceed as follows:

1.   The parties may take the following types of discovery from other parties:

a.   Interrogatories (an interrogatory is a written question or request for information and "may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2));

b.   Requests for Production (a request for production is a written request that the opposing party produce documents or electronically stored information,

1

"including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations," or a written request that the opposing party produce any designated tangible things. Fed. R. Civ. P. 34(a)(1));

c. Requests for Admissions (a request for admission is a written request that the opposing party "admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1)" that relate to "(A) facts, the application of law to fact, or opinions about either; [or] (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1)); and

d. Depositions (a deposition is where one party (or that party's counsel) questions someone under oath, and a court reporter is present to record the proceedings).

1. Pursuant to Federal Rule of Civil Procedure 30(a)(2)(B), Defendant(s) may depose any witness confined in a prison on the condition that, at least fourteen (14) days before such a deposition, Defendant(s) serve all parties with the notice required by Federal Rule of Civil Procedure 30(b)(1). Plaintiff's failure to participate in a properly noticed deposition could result in sanctions against Plaintiff, including monetary sanctions and/or dismissal of this case. Pursuant to Federal Rule of Civil Procedure 30(b)(4), the parties may take any deposition under this section by video conference without a further motion or order of the Court, relieving the court reporter of the requirement to be in the physical presence of the witness under Federal Rule of Civil Procedure 28(a)(1) during that deposition.

2. If Plaintiff wishes to take a deposition, Plaintiff must file a motion requesting the Court's permission to do so. Before filing a motion, Plaintiff must contract with a licensed court reporter, also known as Certified Shorthand Reporters (CSRs). CSRs are not court

employees; they are private individuals. Plaintiff is responsible for paying CSRs their fees for taking the deposition and producing a transcript. Plaintiff's *pro se* or *in forma pauperis* status does not entitle Plaintiff to a free deposition. Every motion for leave to take deposition must include the name of the person to be deposed, the name and contact information for the court reporter with whom Plaintiff contracted, the estimated cost for the CSR's time and the recording, and the source of funds for payment of that cost, or the motion may be summarily denied for failure to comply with this order. The Court may request input from Plaintiff's institution of confinement to determine if the deposition(s) can proceed in a safe and secure manner before ruling on a motion for a deposition.

2. A party may serve on any other party no more than 15 interrogatories, 15 requests for production of documents, and 15 requests for admission. If a party wishes to serve additional discovery requests, that party may file a motion for additional discovery requests with the Court, explaining why additional discovery requests are necessary.

3. Discovery requests and responses should be sent to the opposing part(ies), or their counsel if represented. They should not be filed with the Court.

4. Responses to written discovery requests shall be due **forty-five (45) days** after the request is first served. This means that written discovery requests must be served within a timeframe that allows the opposing party a forty-five (45) day period to respond prior to the close of non-expert discovery. Any party who is served a request where the forty-five (45) day period for response would end after the close of non-expert discovery is entitled to object to that request on the ground that the request is untimely.

5. Boilerplate objections are disfavored and may be summarily overruled by the Court. Responses to document requests shall include all documents within a party's possession, custody, or control. Fed. R. Civ. P. 34(a)(1). Documents are deemed to be within a party's possession, custody, or control if the party has actual possession,

custody, or control thereof, or the legal right to obtain the property on demand. If Defendant(s) cannot obtain documents from Plaintiff's institution(s) of confinement, Defendant(s) shall clearly respond that a third-party subpoena will be necessary to obtain documents from Plaintiff's institution(s) of confinement.

6. If any party or third party withholds a document on the basis of privilege, that party or third party shall provide a privilege log to the requesting party identifying the date, author, recipients, general subject matter, and basis of the privilege within **thirty days** after the date that responses are due. Failure to provide a privilege log within this time shall result in a waiver of the privilege. Additionally, if a party is claiming a right to withhold witness statements and/or evidence gathered from investigation(s) into the incident(s) at issue in the complaint based on the official information privilege or confidentiality, the withholding party shall submit the withheld witness statements and/or evidence to the Court for *in camera* review, along with an explanation of why the witness statements and/or evidence should be withheld.[1] The witness statements and/or evidence shall be Bates stamped and emailed to EPGorders@caed.uscourts.gov. The withholding party shall also file and serve a

---

[1] *See Woodford v. Ngo*, 548 U.S. 81, 94–95 (2006) ("[P]roper exhaustion improves the quality of those prisoner suits that are eventually filed because proper exhaustion often results in the creation of an administrative record that is helpful to the court. When a grievance is filed shortly after the event giving rise to the grievance, witnesses can be identified and questioned while memories are still fresh, and evidence can be gathered and preserved.").

The "common law governmental privilege (encompassing and referred to sometimes as the official or state secret privilege) . . . is only a qualified privilege, contingent upon the competing interests of the requesting litigant and subject to disclosure. . . ." *Kerr v. U.S. Dist. Ct. for N. Dist. of Cal.*, 511 F.2d 192, 198 (9th Cir. 1975) (citations omitted). The Ninth Circuit has since followed *Kerr* in requiring *in camera* review and a balancing of interests in ruling on the government's claim of the official information privilege. *See, e.g., Breed v. U.S. Dist. Ct. for N. Dist. of Cal.*, 542 F.2d 1114, 1116 (9th Cir. 1976) ("[A]s required by Kerr, we recognize 'that in camera review is a highly appropriate and useful means of dealing with claims of governmental privilege.'") (quoting *Kerr v. U. S. Dist. Ct. for N. Dist. of Cal.*, 426 U.S. 394, 406 (1976)); *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033–34 (9th Cir. 1990), *as amended on denial of reh'g* (Feb. 27, 1991), *as amended on denial of reh'g* (May 24, 1991) ("Government personnel files are considered official information. To determine whether the information sought is privileged, courts must weigh the potential benefits of disclosure against the potential disadvantages. If the latter is greater, the privilege bars discovery.") (citations omitted).

4

notice that they have complied with this order. All other claims of privilege may be challenged via a motion to compel.

7. If Plaintiff seeks documents from someone who is not a party in this case, Plaintiff must file a request for the issuance of a subpoena *duces tecum* with the Court. In any request for a subpoena, Plaintiff must: (1) identify the documents sought and from whom; (2) explain why the documents are relevant to the claims in this case; and (3) make a showing in the request that the records are only obtainable through a third party. If the Court approves the request, it may issue Plaintiff a subpoena *duces tecum*, commanding the production of documents from a non-party, and *may* command service of the subpoena by the United States Marshals Service. Fed. R. Civ. P. 45; 28 U.S.C. § 1915(d). However, the Court will consider granting such a request *only if* the documents sought from the non-party are not obtainable from Defendant(s) through a Rule 34 request for production of documents.

8. The parties are required to act in good faith during the course of discovery and the failure to do so may result in the payment of expenses pursuant to Federal Rule of Civil Procedure 37(a)(5) or other appropriate sanctions authorized by the Federal Rules of Civil Procedure or the Local Rules.

9. The parties have until **August 22, 2026,** to file motion(s) to compel further discovery responses. Motions to compel can be used to challenge failure of a party to respond to a discovery request, failure to produce documents on the basis of privilege, or failure to produce privilege log. The motion(s) should include a copy of the request(s) and any response to the request(s) at issue.

10. The Court will not require an informal discovery dispute conference prior to the filing of any discovery motion. Nor are the parties required to follow the procedures set forth in Local Rule 251 for dealing with discovery motions, including the preparation of a joint discovery statement. Instead, the parties shall follow the briefing schedule provided by Local Rule 230(l) for any discovery motion brought pursuant to Federal Rules of Civil Procedure 26–37 and 45.

11.    The parties are advised that each party is responsible for planning and timing their own discovery. This means that the Court will not *sua sponte* extend the deadline for any party to file motions to compel or to respond and/or serve written discovery requests.

## II.    PAGE LIMITS, COURTESY COPIES, AND REQUIREMENT TO RESPOND

The parties are advised that unless prior leave of the Court is obtained before the filing deadline,[2] *all* moving and opposition briefs or legal memoranda shall not exceed twenty-five (25) pages. Reply briefs by the moving party shall not exceed ten (10) pages. These page limits do not include exhibits. The parties shall not file multiple or supplemental briefs to circumvent this rule.

Unless otherwise ordered, all motions to dismiss, motions for summary judgment, motions concerning discovery, motions pursuant to Federal Rules of Civil Procedure 7, 11, 12, 15, 41, 55, 56, 59 and 60, and Local Rule 110, shall be briefed pursuant to Local Rule 230(l).[3] Failure to timely oppose such a motion may be deemed a waiver of opposition to the motion. Local Rule 230(l). Unsigned affidavits or declarations will be stricken, and affidavits or declarations not signed under penalty of perjury have no evidentiary value. Opposition to all other motions need be filed only as directed by the court.

Pursuant to Local Rule 133(j), depositions should not be filed. However, counsel referencing a deposition in any filing must submit pertinent portions of the deposition as exhibit(s). In addition, counsel should also email a copy of the entire deposition as a .pdf file to EPGorders@caed.uscourts.gov "and concurrently email or otherwise transmit the deposition to all other parties." L.R. 133(j). Counsel should *not* email links to file sharing services that require the Court to download the deposition.

## III.    NON-EXPERT DISCOVERY DEADLINE

The deadline for the completion of all non-expert discovery is **September 22, 2026.** As discussed above, this deadline includes all written discovery requests and responses. Any written discovery request must be made so that the opposing party is allowed the entire amount of time allotted for response by this deadline.

---

[2] Parties may seek leave by filing a short motion.

[3] As noted below, the deadline to file oppositions is different for dispositive motions.

6

## IV.    EXHAUSTION MOTION DEADLINE

The deadline for Defendant(s) to present any challenge for failure to exhaust administrative remedies is **April 22, 2026**. Failure to raise the exhaustion defense by this deadline will result in waiver of the defense. *See Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014) (providing that the exhaustion question should be decided as early as feasible).

## V.    DISPOSITIVE MOTIONS DEADLINE

The deadline for filing dispositive motions, including motions for summary judgment (other than dispositive motions based on the defense of failure to exhaust administrative remedies), is **October 22, 2026**. The deadline to file oppositions to dispositive motions, including motions for summary judgment, is **thirty days** from the date the motion is filed. The deadline to file replies to oppositions is **fourteen days** from the date the opposition is filed. If a party needs an extension of any of these deadlines, that party may file a motion for an extension of time.

If Defendant(s) file a motion for summary judgment, Defendant(s) shall simultaneously provide Plaintiff with the notice and warning required by *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998). In addition to the language suggested by *Rand* in Appendix A of that opinion, *id.* at 962, this notice must also include a short and plain statement of the Local Rule 260 requirements and be titled "This Notice is Required to be Given to you by the Court."

The parties are also advised of the following requirements regarding motions for summary judgment contained in the Local Rules:

> (a) Motions for Summary Judgment or Summary Adjudication. Each motion for summary judgment or summary adjudication shall be accompanied by a "Statement of Undisputed Facts" that shall enumerate discretely each of the specific material facts relied upon in support of the motion and cite the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon to establish that fact. The moving party shall be responsible for the filing of all evidentiary documents cited in the moving papers. See L.R. 133(j).

> (b) Opposition. Any party opposing a motion for summary judgment or summary adjudication shall reproduce the itemized facts in the Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support of that denial. The opposing party may also file a concise "Statement of Disputed Facts," and the source thereof in the record, of all additional material facts as to which

there is a genuine issue precluding summary judgment or adjudication. The opposing party shall be responsible for the filing of all evidentiary documents cited in the opposing papers. *See* L.R. 133(j). If a need for discovery is asserted as a basis for denial of the motion, the party opposing the motion shall provide a specification of the particular facts on which discovery is to be had or the issues on which discovery is necessary.

Local Rule 260(a)–(b).

If Defendant(s) file a motion for summary judgment, the accompanying Statement of Undisputed facts shall contain an additional blank column titled "Plaintiff's Response and Supporting Evidence," which Plaintiff may use to respond to each fact. Here is an example of a format Defendant(s) may follow:

| Number | Undisputed Material Fact | Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|---|
| 1. | On X date, Plaintiff was confined at X institution. | X Decl. ¶ 20. | |
| 2. | The X incident alleged in the complaint happened on X date. | X interrogatory response. | |
| 3. | Plaintiff saw Dr. Y on X date. | Y Decl. ¶ 45. | |

Plaintiff may use Defendants' Statement of Undisputed Facts to comply with requirements of Local Rule 260(b), which requires the responding party to "reproduce the itemized facts in the Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support of that denial." For example, Plaintiff may complete it as follows:

| Number | Undisputed Material Fact | Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|---|
| 1. | On X date, Plaintiff was confined at X institution. | X Decl. ¶ 20. | *Admitted.* |
| 2. | The X incident alleged in the complaint happened on X date. | X interrogatory response. | *Denied. Pl. deposition at 2:4–6.* |
| 3. | Plaintiff saw Dr. Y on X date. | Y Decl. ¶ 45. | *Admitted.* |

## VI.    FURTHER DATES AND DEADLINES

If this case is still proceeding after dispositive motions have been resolved, or if no dispositive motions are filed, the Court will set expert disclosure deadlines,[4] a pretrial conference, pretrial deadlines, and a trial date.

Additionally, within fourteen days after a final ruling on any dispositive motion, if the case proceeds, Defendant(s) shall confer with Plaintiff and file a report indicating each party's position on whether a settlement conference would be productive.

## VII.    EFFECT OF THIS ORDER

This order represents the Court's best estimated schedule through dispositive motions. Any party unable to comply with the dates outlined in this order shall immediately file an appropriate motion or stipulation identifying the requested modification(s).

**The dates set in this order are considered to be firm and will not be modified absent a showing of good cause, even if a stipulation to modify is filed. Fed. R. Civ. P. 16(b)(4).**

Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:    **January 22, 2026**                    /s/ _Erica P. Grosjean_
                                           UNITED STATES MAGISTRATE JUDGE

---

[4] While the Court is not setting a deadline for expert disclosures at this time, the parties may provide their expert disclosures at any time. Such disclosures must conform with Federal Rule of Civil Procedure 26(a)(2)(B)-(C).